NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DR. EVAN O'BRIEN, *et al.*, | : | |
| Plaintiffs, | : | Civil No. 20-05479 (RBK/KMW) |
| v. | : | **OPINION** |
| AETNA, INC., *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion to Dismiss (Doc. 6). For the reasons discussed herein, the Motion is **GRANTED**.

**I.    BACKGROUND**

This matter involves an attempt to recover payments for medical services because of Defendants' alleged failure to properly compensate out-of-network medical providers. Plaintiffs are healthcare providers in New Jersey. (Compl. ¶1.) Plaintiffs provided medical care to "Chelsea D." Chelsea D. receives health benefits through her employment with Defendant Amazon under the terms of a self-funded health benefit plan, which is administered by Defendant Aetna and governed by ERISA. (Doc. 6, "Mot." at 2.) Plaintiffs brought this action against Defendants after Defendants failed to fully reimburse Plaintiffs for the cost of medical care provided to Chelsea D. (Compl. ¶¶22, 23.) Plaintiffs are out-of-network providers under the plan at issue. Plaintiffs contend that Chelsea D. executed a power of attorney which authorizes them to pursue claims for payment. (Doc. 10, "Opp." at 1.) Plaintiffs bring this case pursuant to a power

of attorney, seeking reimbursement for the full amount of the medical services rendered. (Opp. at 1.) Defendants brought the current motion seeking dismissal under Rule 12(b)(1) and Rule 12(b)(6).

## II. LEGAL STANDARD

### A. Motion to Dismiss Under 12(b)(1)

"Under Article III of the United States Constitution, the power of the judiciary 'extends only to 'Cases' and 'Controversies''" *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (*quoting Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The standing doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court" and has "developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo*, 136 S. Ct. at 1547. To maintain a suit, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

On a motion to dismiss for lack of standing, the court must "tak[e] note of the elements a plaintiff must plead to state a claim"—here, the three elements of Article III standing. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016). Second, the Court must eliminate from consideration any allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Third, "where there are well-pleaded factual allegations, [the Court] assume[s] their veracity and then determine[s] whether they plausibly" establish the prerequisites of standing. *Id.* In conducting this analysis, all aspects of a complaint must rest on "well-pleaded factual allegations" and not "mere conclusory statements." *Id.* To survive a motion to dismiss for

lack of standing, a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue. Speculative or conjectural assertions are not sufficient." *Id.* The burden of establishing standing rests with the plaintiffs. *Berg v. Obama*, 586 F.3d 234, 238 (3d Cir. 2009).

### B. Motion to Dismiss Under 12(b)(6)

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III.   DISCUSSION

### A. Motion to Dismiss for Lack of Standing

Defendants first move to dismiss, arguing that Plaintiffs, as out-of-network medical providers, do not have standing to assert a claim against Defendants. Defendants assert that Chelsea D.'s health plan included an unambiguous clause prohibiting assignment of benefits. (Mot.

3

at 4.) Therefore, Defendants contend that an assignment of rights cannot confer standing on Plaintiffs. (Mot. at 4.) In response, Plaintiffs argue that they have standing not under an assignment, but rather a power of attorney. (Opp. at 4.) The Court addresses these arguments in turn.

Generally, only a participant or beneficiary under a plan has standing to bring an ERISA claim. 29 U.S.C. § 1132(a)(1). Plaintiffs, as healthcare providers, are neither participants nor beneficiaries. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). However, "[a]s ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider." *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-13654, 2018 WL 1757027, at *2 (D.N.J. Apr. 12, 2018). "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *N. Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015).

While assignment of benefits may confer standing, "anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018). In a recent decision, the Third Circuit held that, "[a]nti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable," provided that the clause is unambiguous. *Id.* at 543. Courts use traditional principles of contract law to determine the enforceability and scope of assignment and anti-assignment clauses in ERISA-governed plans. *See id.* ("In sum, we perceive no compelling reason to stray from the 'black-letter law that the terms of an unambiguous private contract must be enforced.'") (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 150 (2009)); *see also Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 62–63 (3d Cir. 2019) (using

4

contract law to conclude that an anti-assignment clause in ERISA plan was not ambiguous). "Contractual language is unambiguous if it is 'capable of only one objectively reasonable interpretation.'" *Univ. Spine Ctr.*, 774 F. App'x at 63 (quoting *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 76 (3d Cir. 2011)).

Here, the insurance plan contains an anti-assignment clause. The plan states that "coverage and your rights under this plan may not be assigned." (Mot. at 6.) The Court finds that the anti-assignments clause is clear and not ambiguous. Rather, the plain language of the plan clearly prohibits participants from giving healthcare providers like Plaintiffs the right to receive any payments for medical services. *See Enlightened Solutions, LLC v. United Behavioral Health*, No. 18-6672, 2018 WL 6381883, at *3, 5 (D.N.J. Dec. 4, 2018) (concluding that statement that "[a] Claimant may not assign his/her Claim under the Plan to a Nonparticipating Provider without the Plan's express written consent" was an unambiguous anti-assignment clause). Plaintiffs do not challenge this clause or make any argument that it is ambiguous. Therefore, Plaintiffs cannot use an assignment of rights to establish standing.

However, Plaintiffs contend that they have standing via a power of attorney. Plaintiffs attach an executed Power of Attorney (Doc. 10-1, "Power of Attorney"), which "authorize[s] the Attorneys in Fact to collect payments or benefits for medical services performed by Dr. Evan O'Brien directly against any insurance carries[.]" (Power of Attorney at 1.) The power of attorney names the "Shareholders of Millennium Surgical Center" and Dr. Evan O'Brien as attorneys-in-fact. (*See* Power of Attorney.) In response, Defendants assert that the power of attorney is not a valid mechanism to confer standing. The Court agrees. As this Court has previously held, there is a "general prohibition on a litigant's raising another person's legal rights." *Lexmark Int'l Inc. v. Static Control Components. Inc.*, 572 U.S. 118, 126 (2014) (citation omitted). "Granting power of

attorney is not an assignment and "does not enable the grantee to bring suit in his own name." *New Jersey Spine & Orthopedics, LLC v. Bae Sys., Inc.*, No. 18-10735, 2020 WL 491258, at *2 (D.N.J. Jan. 29, 2020) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 12–18 (2d. Cir. 1997)). In other words, "[g]ranting a power of attorney does not transfer an ownership interest in the claim." *Id.* (internal citation and quotation omitted).

Here, the Complaint identifies Dr. Evan O'Brien and the Shareholders of Millennium Surgical Center as Plaintiffs—not Chelsea D, the patient and beneficiary of the plan. (Doc. 1.) An attorney-in-fact cannot litigate on their own behalf and for their own benefit. Further, the Complaint seeks to enforce Plaintiffs' rights, rather than the rights of Chelsea D., and there is no allegation that Chelsea D. has suffered any harm. Therefore, because the plan prohibits an assignment of benefits and Plaintiffs improperly assert their claims pursuant to the Power of Attorney, the Court finds that Plaintiffs lack standing upon which to brings their ERISA claims.

### B. Motion to Dismiss for Failure to State a Claim

Because the Court finds that Plaintiffs lack standing to assert their claims, the Court does not address Defendants' arguments pertaining to the Motion to Dismiss pursuant to Rule 12(b)(6).

### IV. CONCLUSION

For the reasons contained herein, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) (Doc. 6) is **GRANTED**. Plaintiffs' claims are dismissed **WITHOUT PREJUDICE**. An accompanying Order will issue.

Dated: 2/22/2021                                                                   /s/ Robert B. Kugler
                                                                                                ROBERT B. KUGLER
                                                                                                United States District Judge

6